# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR BORRERO,<br>              Plaintiff,<br><br>vs.<br><br>STEVEN R. GLUNT, Superintendent, SCI Houtzdale; D. CLOSE, Deputy Superintendent, SCI Houtzdale; DAVID KESSLING, Former Deputy Superintendent Centralized Services; ERIC TICE, Deputy Superintendent at SCI Forest; ROBERT REED, Houtzdale Hearing Examiner,<br>              Defendants. | Civil Action No. 12-153J<br><br>Judge Kim R. Gibson/<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 12 |

## **MEMORANDUM ORDER**

Hector A. Borrero ("Plaintiff") has filed a Civil Rights Complaint (the "Original Complaint"), naming six defendants and concerning an incident that occurred on July 23, 2010. In that incident, another inmate assaulted Plaintiff and Plaintiff was charged with the misconduct of fighting, even though he denied that he threw any punches at his attacker. As a consequence, Plaintiff was found guilty of the misconduct and made to serve 60 days of disciplinary confinement. Waiting until August 1, 2012, Plaintiff executed his in forma pauperis application in order to proceed with this case. ECF No. 1 at 1. The complaint raised only two claims: 1) a procedural due process claim, i.e., he was deprived of a liberty interest without due process because the hearing examiner refused to view an alleged video tape of the incident which Plaintiff claims would show he did not throw any punches and thus, did not engage in fighting; and 2) he was subjected to cruel and unusual punishment.

On September 21, 2012, the undersigned issued a Report and Recommendation, recommending that the Original Complaint be dismissed. ECF No. 8. The Report found that as

to the due process claim, a mere 60 days of confinement in disciplinary custody did not deprive Plaintiff of a liberty interest and, so he was not constitutionally entitled to any procedures, alternatively, even if he were deprived of a liberty interest, the failure to view the alleged video tape of the incident did not violate his rights under procedural due process. As to the Eighth Amendment claim, the Report found that Plaintiff had not alleged the deprivation of any of life's necessities.

In response to the Report and Recommendation, Plaintiff filed a Motion To Amend/Correct the Complaint, ECF No. 9, which was denied without prejudice to him filing a second motion for leave to amend but with the proposed amended complaint attached thereto. ECF No. 10. After moving for, ECF No. 11, and being granted an extension of time, Plaintiff filed the pending Motion For Leave to File An Amended Complaint ("Motion to Amend") with the proposed amended complaint attached ("Proposed Complaint"). ECF No. 12. In that "Proposed Complaint", Plaintiff seeks to add one new defendant, namely, Corrections Officer Boyle who wrote the misconduct report on July 23, 2010. Plaintiff also seeks to add a First Amendment retaliation claim, namely that he was retaliated against by being transferred to the State Correctional Institution at Forest ("SCI-Forest") for Plaintiff's filing of complaints and grievances. ECF No. 12-3 at 12, ¶ 58.[1] But there are no allegations supporting who caused the

---

[1] Plaintiff also seems to add retaliation claims against the Original Defendants, ECF No. 12-3 at 20, ¶¶ 91 to 92. However, it is clear that Plaintiff failed to exhaust any such claims of retaliation. See, e.g., ECF No. 12-4 at 5 (Plaintiff's appeal to the Program Review Committee ("PRC") of the Hearing Officer, Defendant Reed's finding of guilt and Plaintiff's appeal fails to make any mention of a claim of retaliation); ECF No. 12-4 at 8 (Plaintiff's Appeal to Superintendent from the PRC's upholding of the Hearing Officer, and again Plaintiff's appeal makes no mention of any retaliation claim). Hence, it would be futile to permit amendment to include claims that are unexhausted and, by now, procedurally defaulted. See, e.g., Penton v. B.O.P., 281 F. App'x 113 (3d Cir. 2008) (Federal prisoner who failed to exhaust his
(. . . footnote continued)

transfer or why a transfer to SCI-Forest from the State Correctional Institution at Houtzdale ("SCI-Houtzdale") constituted an adverse action or could even be considered an adverse action by those unnamed individuals responsible for the transfer. Moreover, Plaintiff was returned to SCI-Houtzdale in May 2012. Plaintiff also seeks, by means of the Proposed Complaint, to add a laundry list of complaints concerning the time frame after he was returned to SCI-Houtzdale in May 2012, but he does not tie that laundry list of complaints to any specific Defendants currently named in this lawsuit. See, e.g., 12-3 at 12 to17.

To the extent that Plaintiff seeks to add Corrections Officer Boyle as a defendant, the Motion will be denied as futile given that the only actions complained of by Plaintiff concerning Boyle are that Boyle wrote the misconduct report on July 23, 2010 and that he could not have seen what happened nor could he have seen Plaintiff throw any punches. However, because the two year statute of limitations[2] expired as to the claim against Defendant Boyle, even before Plaintiff filed this lawsuit, it would be futile to permit Plaintiff to amend to include Defendant Boyle. A plaintiff cannot add a defendant after the applicable statute of limitations has run. See, e.g., Keys v. U.S. Dept. of Justice, 285 F. App'x 841 (3d Cir. 2008) ("we agree that allowing Keys leave to amend to add the United States as a defendant under the Federal Tort Claims Act ("FTCA") would have been futile because the statute of limitations has expired."). Moroever,

---

administrative remedies before filing Bivens complaint was not entitled to an opportunity to further amend the complaint, since any such amendment would have proved futile); Washington v. Superintendant [sic] SCI-Greensburg, Civil Action No. 11–502, 2012 WL 3544880 (W.D.Pa., Aug. 16, 2012) (finding that the prisoner plaintiff therein procedurally defaulted his claims by failing to exhaust and concluding that "[b]ecause Plaintiff cannot now correct his failure to have exhausted his administrative remedies, any amendment to his complaint would be futile.").

[2] Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania.").

3

Plaintiff himself explains that he knew everything he needed to know at the time of the incident, namely, that Defendant Boyle did not see and could not have seen what transpired and so knew that Defendant Boyle's account that Plaintiff threw punches was false. See ECF No. 12-2 at 2 (explaining that Plaintiff looked over to see if Defendant Boyle was looking when Plaintiff approached his alleged assailant and realized that Defendant Boyle could not see what was happening). Plaintiff must have known the name of Corrections Officer Boyle because he had to have received a copy of the misconduct report which was written and signed by Defendant Boyle. Even if he did not, he could have used a "John Doe" defendant designation but did not. See also Monaco v. City of Camden, 366 F. App'x 330 (3d Cir. 2010) ("The plaintiff may use the fictitious party rule to add defendants after the expiration of the statute of limitations 'only if the plaintiff exercised due diligence to ascertain defendant's true name *before* and *after* filing the complaint.'") (quoting, DeRienzo v. Harvard. Indus., Inc., 357 F.3d 348, 353 (3d Cir. 2004) (citation omitted) (emphasis added by the Monaco Court)). Accordingly, Plaintiff's Motion For Leave To Amend in order to add Boyle as a Defendant is DENIED.

To the extent Plaintiff seeks to add a claim of retaliation based upon his transfer from SCI- Houtzdale to SCI-Forest, the request to amend is DENIED as it would be futile to add such a claim given that there is no allegation of why such a transfer constitutes an adverse action, who caused the transfer, such as any of the Defendants in this lawsuit, and why they would consider a transfer to SCI-Forest something that would be adverse.

To the extent that Plaintiff seeks to add the whole laundry list of unconnected complaints found in ECF No. 12-3 at 12 to 17, ¶¶ 58 to 83, most of which (other than the transfer to SCI-Forest) occurred at least six months after October 2010, (i.e., the date that Defendant Glunt

4

dismissed the more serious charge of Fighting and reduced the misconduct from a class 1 to a class II misconduct and reduced Plaintiff's sanction to a reprimand and warning) and many of which occurred from May 10, 2012 onward or nearly two years after the incident giving rise to the Original Complaint, the Motion to Amend is DENIED. Again, Plaintiff fails to connect these alleged complaints to any of the named Defendants in his lawsuit. Moreover, it would seemingly be futile to permit amendment as these multiple complaints fail the test of joinder as required under Fed.R.Civ.P. 20 and would not be properly joined to his complaint against the original Defendants concerning the allegedly wrongful misconduct charge against Plaintiff and the denial of due process and allegedly wrongful placement in disciplinary custody that took place from roughly June 2010 (misconduct charge) to October 2010 (when Defendant Glunt dismissed the more serious charge of Fighting and reduced the misconduct from a class 1 to a class II and reduced the sanction to a reprimand and warning).[3] ECF No. 12-4 at 26. Emmanouil v. Roggio, Civ.A. No. 06-1068, 2007 WL 1174876, at *5 (D.N.J. April 19, 2007) (the litigant "does not satisfy the two part test of Fed.R.Civ.P. 20(a), and therefore his Motion to Amend must be denied as futile."). Accord Denham v. Aranda, No. 09CV1505, 2012 WL 3561988, at *3 (S.D.Cal. Aug. 17, 2012) (denying plaintiff leave to amend to add claims because adding such claims would violate Fed.R.Civ.P. 20 regarding proper joinder); Marquette Transp. Co. L.L.C. v. Cheramie, , 2009 WL 3837666, at *2 (E.D.La., Nov. 12, 2009) ("According to [defendant] Cheramie, the facts and evidence concerning the two disputes are separate and independent. Accordingly, adding Cheramie Holdings as a defendant would violate Rule 20 and constitute a

---

[3] The Court has the inherent power to sua sponte raise the issue of improper joinder of parties in violation of Rule 20. BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, *1 (E.D. Pa. April 2, 2004)("This Court has ruled, sua sponte, that two-hundred and two Defendants in the above-captioned case have been improperly joined pursuant to Fed. R. Civ. Pro. 20").

futile amendment under Rule 15. The Court finds that Cheramie's argument that the amended complaint would be futile and violative of Rule 20 is well-taken."); Alvarez v. Armour Pharmaceutical, No. 94 C 3587, 1997 WL 566373, at *2 (N.D.Ill., Sept. 8, 1997) ("The joinder requirements of Rule 20 are clear. Allowing an amendment that violates the rule, for *whatever* reason, is a violation of the rule. Courts are authorized to deny leave to amend where the amendment would be futile. We regard this as that kind of situation.").

Accordingly, the Motion to Amend is DENIED in its totality as futile. The Original Complaint remains the operative complaint. The pending Report recommends dismissal of the Original Complaint. Plaintiff was informed that he had to file objections to the Report but chose to seek leave to file an Amended Complaint in response. Even so, in light of the Court's denying Plaintiff leave to file the amended complaint, the Court will *sua sponte* grant an extension of time in which to file any objections to the Report and Recommendation. Plaintiff must file any objections to the Report by December 19, 2012.[4] No additional extensions will be granted. Failure to do so will constitute a waiver of any appeal rights.

### III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street,

---

[4] We note that portions of Plaintiff's Proposed Complaint seem to be responsive to the Report and Recommendation and could be construed as objections thereto. See, e.g., ECF No. 12-3 at 21 to 24. Nevertheless, for purposes of being clear, the Court deems it better to permit Plaintiff to file formal objections to the Report if he so desires but no extensions will be granted to do so, given that Plaintiff has already formulated those objections in the Proposed Complaint.

Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Date: December 5, 2012

cc: Kim R. Gibson
United States District Judge

Hector Borrero
JB-2013
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698